10-2829-cv
Pearson Education, Inc., et al. v. Arora, et al.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20ᵗʰ day of September two thousand eleven.

PRESENT:

> JOSÉ A. CABRANES,
> REENA RAGGI,
> > *Circuit Judges*,
> RICHARD K. EATON,
> > *Judge.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

PEARSON EDUCATION, INC., JOHN WILEY & SONS, INC., CENGAGE LEARNING INC., THE MCGRAW-HILL COMPANIES, INC.,

> *Plaintiffs-Appellees*,

v.                                                                No. 10-2829-cv


MOHIT ARORA D/B/A BESTECONOMYBOOKS,

> *Defendant-Appellant*,

_____

* The Honorable Richard K. Eaton, of the United States Court of International Trade, sitting by designation.

1



JOHN DOES 1-5,

               *Defendants.***

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR DEFENDANT-APPELLANT:**      JOHN T. MITCHELL, Interaction Law,
                                                  Washington, DC.

**FOR PLAINTIFFS-APPELLEES:**      WILLIAM DUNNEGAN (Laura Scileppi, *on the brief*),
                                                  Dunnegan LLC, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Shira A. Scheindlin, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal of said District Court's judgment is **DISMISSED** for lack of jurisdiction and **REMANDED** to the District Court for a ruling on defendant-appellant's motion for an extension of time to file his Notice of Appeal.

Defendant-Appellant Mohit Arora ("Arora") appeals a decision of the District Court granting a motion for summary judgment by plaintiffs-appellees Pearson Education, Inc., and The McGraw-Hill Companies, Inc. ("plaintiffs"). We assume the parties' familiarity with the facts and procedural history of this action. Arora argues that the District Court erred in granting the motion for summary judgment by ruling that the so-called "first sale doctrine," codified at 17 U.S.C. § 109(a), does not apply to the sale of copies of copyrighted works manufactured outside the United States. We recently addressed this very question in *John Wiley & Sons, Inc. v. Kirtsaeng*, __ F. 3d __, 2011 WL 3560003 (2d Cir. 2011), and held that, indeed, the first sale doctrine does not apply to copies manufactured outside the United States. *Id.* at *8.

We are not able to address the question here, however, because, as a threshold matter, we lack jurisdiction over this appeal. Under Rule 3(a) of the Federal Rules of Appellate Procedure, a party appealing as of right from a district court must file a notice of appeal with the district clerk within the time allowed by Rule 4. Fed. R. App. P. 3(a)(1). Rule 4(a)(1)(A) requires that "the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." *Id.* R. 4(a)(1)(A).

The District Court entered its final judgment on June 11, 2010. On July 14, 2010, two days after

---

    \*\* The Clerk of Court is directed to amend the official caption of this case to conform to the listing of the parties above.

the deadline set by Rule 4(a)(1)(a),[1] Arora's appellate counsel filed a notice of appeal on Arora's behalf "as an accommodation to [Arora], given that time is of the essence, and not as an entry of appearance before [the District Court], at this time." Notice of Appeal, *Pearson Educ. Inc v. Arora*, No. 1:09-cv-05741-SAS (July 14, 2010), ECF No. 29.[2] In his untimely Notice of Appeal, Arora apparently moved for an extension of time. *See* Notice of Appeal, *supra*, at 2 ("In the event that this form was not received in the Clerk's office within the required time, Mohit Arora respectfully requests the Court to grant an extension of time in accordance with Fed. R. App. P. 4(a)(5)."). However, he filed no separate motion and, in any event, the District Court never ruled on his request. Arora has argued that the District Court's reticence simply shows that the form *was* received in the Clerk's office within the required time. This conclusion does not follow. The docket sheet and the time-stamps on the Notice itself clearly show that it was filed on July 14, 2010, two days after the deadline prescribed by Rule 3(a)(1).

In the absence of a ruling from the District Court granting the motion for extension of time, we are without jurisdiction to consider this appeal. The Supreme Court has made clear that, because Rule 4(a) derives from a federal statute, 28 U.S.C. § 2107(a), "the timely filing of a notice of appeal in a civil case is a jurisdictional requirement," which cannot be waived *Bowles v. Russell*, 551 U.S. 205, 214 (2007); *see also Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 363 (2d Cir. 2003) (per curiam) ("Compliance with Rule 4(a) is mandatory and jurisdictional. . . . If no notice of appeal is filed before the deadline provided by Rule 4(a)(1) (or a new deadline set pursuant to Rule 4(a)(5) or (6)), this Court lacks jurisdiction to hear the appeal.").

Accordingly, we dismiss the appeal and remand to the District Court for consideration of Arora's motion for an extension of time, in accordance with the guidelines set forth in Rule 4(a)(5)(A).

## CONCLUSION

For the foregoing reasons, the appeal is **DISMISSED** and the case is **REMANDED** to the District Court, solely for consideration of Arora's motion for extension of time to file his Notice of Appeal.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Because July 11, 2010, fell on a Sunday, the deadline was automatically extended one day to Monday, July 12, 2010. *See* Fed. R. App. P. 26(a)(1)(C).

[2] Arora's counsel was later admitted in the District Court *pro hac vice*. Order, *Pearson Educ. Inc. v. Arora*, No. 1:09-cv-05741-SAS (Sept. 21, 2010), ECF No. 31.

3