10-2829-cv
Pearson Education, Inc. v. Arora

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of January, two thousand twelve.

Present:
ROBERT A. KATZMANN,
GERARD E. LYNCH,
DENNY CHIN,

*Circuit Judges.*

_____

PEARSON EDUCATION, INC., JOHN WILEY & SONS, INC.,
CENGAGE LEARNING INC., THE MCGRAW-HILL
COMPANIES, INC.,

*Plaintiffs-Appellees*,

v.                                                              No. 10-2829-cv

MOHIT ARORA D/B/A BESTECONOMYBOOKS,

*Defendant-Appellant*,

JOHN DOES 1-5,

*Defendants.*

_____

For Defendant-Appellant:       JOHN T. MITCHELL, Interaction Law, Washington, D.C.

For Respondent-Appellee:     LAURA SCILEPPI (William Dunnegan, *on the brief*), Dunnegan LLC, New York, N.Y.

        Appeal from the United States District Court for the Southern District of New York (Scheindlin, *J.*).

        **ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and

**DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

        Defendant-Appellant Mohit Arora ("Arora") appeals a decision of the District Court

granting a motion for summary judgment by plaintiffs-appellees Pearson Education, Inc., and

The McGraw-Hill Companies, Inc. ("plaintiffs"). Arora argues that the District Court erred in

granting plaintiffs' motion for summary judgment by ruling that the so-called "first sale

doctrine," codified at 17 U.S.C. § 109(a), does not apply to the sale of copies of copyrighted

works manufactured outside the United States. We assume the parties' familiarity with the facts

and procedural history of this action.

        When this appeal was first before this Court, we noted that we had recently addressed the

very issue presented by the instant appeal in *John Wiley & Sons, Inc. v. Kirtsaeng*, 654 F .3d 210

(2d Cir. 2011), which held that the first sale doctrine does not apply to copies manufactured

outside the United States. *Pearson Educ., Inc. v. Arora*, 438 Fed. App. 34 (2d Cir. 2011). We

declined to reach the merits of the instant dispute, however, because Arora's appeal was

untimely filed and we therefore lacked jurisdiction. *Id.* at 35. Accordingly, we dismissed the

appeal and remanded the case to the District Court for consideration of Arora's motion for an

extension of time in which to file its notice of appeal. *Id.* at 36. On September 21, 2011, the

district court granted Arora's motion for leave to file a late notice of appeal, thereby curing the

jurisdictional defect we had previously identified. *See* Fed. R. App. P. 4(a)(5)(A). Accordingly, the appeal was reinstated.

Now that we have jurisdiction to consider this matter, we hereby **AFFIRM** the judgment of the District Court on the authority of *Kirtsaeng*. "Generally, this court is bound by a decision of a prior panel unless and until its rationale is overruled, implicitly or expressly, by the Supreme Court or this court *en banc*." *Consol. Edison Co. of N.Y. v. UGI Utils., Inc.*, 423 F.3d 90, 101 n.12 (2d Cir. 2005) (internal quotation marks omitted). In the absence of such an intervening Supreme Court or *en banc* decision, we are therefore bound to follow *Kirstaeng*.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3